UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID CONNOLLY,**<br><br>PETITIONER,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>RESPONDENT. | Docket No.: 14-3574<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Petitioner David Connolly ("Connolly" or "Petitioner") moves under 28 U.S.C. 2255 for habeas corpus relief based on actual innocence and ineffective assistance of counsel. Connolly's petition is **DENIED**.

**I.   BACKGROUND**

On February 4, 2013, Connolly pleaded guilty to securities fraud under 15 U.S.C. 78(j)(b) and transacting in criminal proceeds under 18 U.S.C. 1957. Crim. No. 2:12-cr-00343, ECF Nos. 24, 27. On June 5, 2013, the Court sentenced Connolly to a term of 108 months.[1] Crim. No. 2:12-cr-00343, ECF No. 36. Connolly filed a § 2255 motion for habeas relief on June 4, 2014. Civ. No. 14-3474, ECF No. 1. On March 8, 3016, the Court granted Connolly's request to amend his application for writ of habeas corpus. ECF No. 24.

Connolly's amended § 2255 application asserts two grounds for relief. First, Connolly asserts that he is 'actually innocent' of the crimes for which he was convicted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (permitting collateral review of procedurally defaulted claim of "actual innocence" after petitioner pleaded guilty). He argues that was indicted under the Securities Act of 1934 ("the 1934 Act"), which governs the exchange of preexisting securities in secondary markets, yet his real estate business

---

[1] Specifically, the Court sentenced Connolly to 108 months for Count 1 (securities fraud) and 60 months for Count 10 (engaging in a monetary transaction in criminally derived property greater than $10,000).

1

dealt only in creating new securities. The Securities Act of 1933 ("the 1933 Act"), which governs issuance of new securities, was not referenced in the superseding indictment. Connolly concludes that the indictment "is fatally defective as a matter of law." Pet. Memo, at 8.

Second, Connolly argues that he received ineffective assistance of counsel in violation of the Sixth Amendment. ECF. No. 31. Connolly claims he pleaded guilty only because his counsel, Gerald Saluti, falsely advised him of "*a secret deal* with the United [States] Attorney to have him re-sentenced to a term of probation at a later date." Corrected Memorandum in Support of Habeas Corpus Petition ("Pet. Memo"), at 10 (emphasis in original). "Under the terms of the 'secret deal,' Saluti instructed Connolly to say yes to every question at the plea hearing . . . Connolly would never have to go to prison." *Id.* Saluti has been disciplined for ethical violations in connection with other clients, and has apparently left the practice of law. ECF Doc. 20.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). While a court may convene a hearing regarding a Section 2255 motion, a hearing is not required where "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla–Castro*, 426 Fed. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day,* 969 F.2d 39, 41-42 (3d Cir. 1992).

## III. DISCUSSION

Neither of Connolly's arguments calls for the Court to "vacate, set aside or correct a sentence." 28 U.S.C. § 2255. A hearing is not required because the record conclusively shows that Connolly is not entitled to relief. The Court examines his claims of actual innocence and ineffective assistance of counsel below.

### A. Actual Innocence

Petitioner argues that he could not have been guilty of violating the Securities Exchange Act of 1934 because he was introducing newly-issue securities, whereas the 1934 Act governs the exchange of previously-issued securities (i.e. secondary markets). The 1933 Act, governing primary securities, is not referenced in the superseding indictment. Although this argument was not raised at trial or on direct appeal, Petitioner asks for collateral review because he is "actually innocent" of the charges to which he pleaded guilty. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

2

The doctrine of "actual innocence" is an equitable exception that developed in the federal habeas setting to protect "victims of a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995) (citation omitted). It applies where new facts make clear that someone was "convicted of an act that the law does not make criminal." *Bousley v. United States*, 523 U.S. 614, 620 (1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id* (citations omitted). *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002). Connolly's argument is not that he is actually innocent, but that he is actually guilty of a different crime. He alleges no new facts. The record remains highly probative that Connolly misused funds and deceived investors regarding the performance of their investments. Connolly has no claim to actual innocence.

### B. Ineffective Assistance of Counsel

"[A] criminal defendant may demonstrate that his representation was constitutionally inadequate by proving: (1) that his attorney's performance was deficient, i.e., unreasonable under prevailing professional standards; and (2) that he was prejudiced by the attorney's performance." *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 688, 687 (1984). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner raises two grounds for claiming his Sixth Amendment right to counsel was violated. First, Petitioner argues that counsel failed to assert the defense that Petitioner was not an original issuer of securities and thus could not have violated the 1934 Act. Even assuming counsel's performance was deficient, Connolly fails to show that he was prejudiced by counsel's failure to make this argument. He does not assert that he would have received a lesser sentence under the 1993 Act. Connolly fails to "show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Second, Connolly asserts that he pleaded guilty only because counsel claimed to have arranged a "secret agreement" with the government that would allow Connolly to be resentenced to probation in lieu of prison time. This argument also fails. For one, the Petition does not assert that he would have proceeded to trial had counsel not told him about the secret agreement with the government. Rather, Connolly argues that, but for counsel's unprofessional errors, "the result would have been different." ECF. No. 31, at 12.

The Third Circuit has held that "a defendant must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." *Rice v. Wynder*, 346 F. App'x 890, 893 (3d Cir. 2009). Sixth Amendment claims fail even where a defendant has been misled by counsel about the severity of a sentence permitted by a plea

3

agreement, so long as the defendant acknowledges to the sentencing court that he understands the implications of his plea. *See Fahfleder v. Varner* 32 F. App'x 621, 622 (3d Cir. 2002). *See also United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir.2001) ("[A]ny alleged misrepresentations ... were dispelled when [defendant] was informed in open court that there were no guarantees as to sentence, and that the court could sentence him to the maximum."). Here, the plea colloquy shows that Connolly fully understood his plea:

> THE COURT: Do you understand that this is the full and complete agreement between you and the Government? And that means if something was said to you or promise[d] to you by either your lawyers or the Government that's not incorporated in this agreement, it's of no binding effect on you or the Government? Do you understand that?
>
> CONNOLLY: Yes, your Honor.
>
> THE COURT: Did you sign this agreement voluntarily, without anybody forcing or threatening or coercing you to do it?
>
> CONNOLLY: Yes.

Plea Transcript, 10:8-17. Connolly cannot now disclaim his sworn representations to the Court without producing evidence to corroborate his claim. This is particularly so given that the terms of the agreement itself do not suggest prejudice: Petitioner was sentenced to 108 months, significantly less than the advisory guideline range of 135-168 months.[2]

## IV.   CONCLUSION

For the reasons above, Connolly's Petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** and the action is **DISMISSED** pursuant to the accompanying order.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**January 30, 2017**

---

[2] This range assume acceptance of responsibility. Section 3E.1.1(a) ("If the defendant demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.").